# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | |
|---|---|
| WOLVERINE BARCODE IP LLC,<br><br>              Plaintiff,<br><br>  v.<br><br>7-ELEVEN, INC.,<br><br>              Defendant. | **Civil Action No.: 7:25-cv-00108-O**<br><br>**JURY TRIAL DEMANDED** |

## AGREED MOTION TO MODIFY SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Defendant 7-Eleven, Inc. ("SEI") and Plaintiff Wolverine Barcode IP LLC (collectively, the "Parties") respectfully move for an order modifying the Court's Scheduling Order (ECF No. 42). In support of this Motion, the Parties state as follows:

1. This case was originally filed in the Western District of Texas on May 1, 2025. *See* ECF 1. On September 15, 2025, SEI and Plaintiff filed a motion for entry of a scheduling order (ECF 25), complying with Judge Gilliland's August 15, 2025 order setting an initial pretrial conference (ECF 23) and the Western District of Texas's local rules.

2. On October 7, 2025, Judge Gilliland entered a scheduling order. ECF 31. Two weeks later on October 21, 2025, this case was transferred to this Court. ECF 33, 34.

3. On November 5, 2025, counsel for SEI timely filed a motion for leave to proceed without local counsel (ECF 37) which was granted (ECF 38). Additional counsel for defendant appeared shortly after (ECF 39, 40).

4. The Parties now move to modify the scheduling order entered by this Court on December 12, 2025 (ECF 42) and submit that good cause exists.

5.      Fed. R. Civ. P. 16(b)(4) governs a party's request to modify a scheduling order. *See Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.). "In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice." *Cartier*, 2009 WL 614820, at *3 (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama,* NA, 315 F.3d 533, 536 (5th Cir. 2003)). The court considers the four factors holistically. *See EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

6.      The current dates that the Parties request moved are listed below and attached as Exhibit A is a proposed scheduling order containing new dates. The current dates are:

a. **December 12, 2025** - preliminary invalidity contentions due and technical document production due.

b. **December 26, 2025** - all parties shall exchange their respective proposed terms and claim elements for construction.

c. **January 2, 2026** - parties shall meet and confer regarding a list of proposed terms and claim elements for construction at a mutually agreeable time and place on or before.

d. **January 16, 2026** - parties shall exchange their respective preliminary claim constructions and any extrinsic evidence.

e. **February 10, 2026** - parties shall meet and confer regarding a joint claim construction and prehearing statement at a mutually agreeable time and place.

1

    f. **February 17, 2026** - Plaintiff shall file the parties' joint claim construction and prehearing statement.

    g. **March 19, 2026** - The parties shall complete all discovery related to claim constructions.

7. The Parties address each of the four factors below.

8. **The Parties' explanation**. Upon being notified of the Court's scheduling order (ECF 42) the Parties diligently moved to modify the same. This motion is being filed two Court days after the scheduling order was entered. SEI did not make its invalidity contentions disclosures on December 12, 2025, as this case had been transferred from the Western District of Texas and did not have an operative schedule until the very day the contentions were due. *See* ECF 42. The Parties' request is not made for purposes of delay but would allow for SEI to make the required disclosures and technical document production now that a schedule has been entered.

9. The Parties note that the requested claim construction dates still lie ahead but ask that they be moved to coincide with a new invalidity contentions deadline date.

10. **The importance of the requested relief**. The requested relief is important, as SEI's invalidity contentions and the technical documents relating to the accused products present an important pillar of its case. Invalidity contentions in this case allow SEI to gather evidence to potentially invalidate the asserted patent, thus potentially disposing of the case entirely. The Parties note that movement of the deadline benefits Plaintiff as well, as under Miscellaneous Order No. 62, technical documents must accompany invalidity contentions. Modifying the scheduling order as requested by the Parties will allow SEI to gather and produce relevant documents and allow the case to proceed on the merits.

11. **Potential prejudice in granting the relief**. There is no prejudice in granting this relief. As noted above, both Parties arguably benefit from this request. Further, no other dates are

modified. The trial date, dispositive motion date, and discovery cutoff date all remain the same. Further, the claim construction hearing has not been set and thus will not be affected by the new requested dates for the claim construction process.

12. **Availability of a continuance to cure such prejudice**. The Parties argue that a continuance is not necessary. The requested relief is limited to a few dates that, when changed, will not affect the rest of the case schedule.

13. Finally, this Motion is not filed for purposes of delay or for undue cause. As noted above, the Parties moved diligently to modify the schedule upon the same being entered.

DATE: December 16, 2025

Respectfully Submitted,

*/s/ Thomas J. Gohn*
Siddhesh V. Pandit, VA Bar No. 75,686 (admitted to practice in the NDTX)
svp@maierandmaier.com
Timothy J. Maier, VA Bar No. 46,354 (*pro hac vice to be submitted*)
tjm@maierandmaier.com
Michael R. Casey, VA Bar No. 43,919 (*pro hac vice to be submitted*)
mrc@maierandmaier.com

**MAIER & MAIER PLLC**
345 South Patrick Street
Alexandria, VA 22314
(703) 740-8322 (phone)
(703) 991-7071 (fax)


Thomas J. Gohn
(TX Bar No. 24097742)
tjg@maierandmaier.com

**MAIER & MAIER PLLC**
8750 N. Central Expressway
Suite 1850
Dallas, Texas 75231
(703) 740-8322 (phone)
(703) 991-7071 (fax)

*Attorneys for Defendant 7-Eleven, Inc.*

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Counsel for Plaintiff*

4

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on December 16, 2025, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

By: /s/ *Thomas J. Gohn*
Thomas J. Gohn

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on December 16, 2025, the undersigned met and conferred with counsel for Plaintiff via email to discuss this Motion. Plaintiff joins this Motion.

By: /s/ *Thomas J. Gohn*
Thomas J. Gohn