## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **Wolverine Barcode IP LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.  7:25-CV-00108-O** |
| | § | |
| **7-Eleven Inc** | § | |
| | § | |
| **Defendant.** | § | |

## <u>STIPULATED PROTECTIVE ORDER</u>

Before the Court is the parties' Joint Motion for Entry of Protective Order (ECF No. 46). After review, the Court **GRANTS** the Motion. Accordingly, the Court hereby **ENTERS** this Stipulated Protective Order.

WHEREAS, Plaintiff Wolverine Barcode IP LLC ("Plaintiff") and Defendant 7-Eleven, Inc. ("Defendant") (collectively, "the Parties") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rules of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any non-public document, information or material that constitutes or includes, in whole or in part, information related, but not limited to, commercially sensitive, strategic, financial, personal, and/or other proprietary information or trade secrets of the Party or a third party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material

1

as follows: either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SOURCE CODE." The word(s) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SOURCE CODE" shall be placed clearly on each page of the Protected Material (except native files, deposition and hearing transcripts) for which such protection is sought. The word(s) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SOURCE CODE" shall be included in the title of designated native files. For deposition and hearing transcripts, the word(s) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

2.    With respect to documents, information or material designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SOURCE CODE" ("DESIGNATED MATERIAL"), subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or tangible things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and

hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

3.      A designation of Protected Material (i.e., "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. Upon timely correction of a designation, the recipient(s) shall then immediately destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon, and, upon request, confirm in writing that such destruction has occurred.

4.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in Paragraph 17 herein:

    (a)      outside counsel in this Action for the Parties;

    (b)      employees of such outside counsel assigned to and reasonably necessary to assist outside counsel in the litigation of this Action;

(c)     employees of the Receiving Party who are required in good faith to provide assistance in the conduct of this litigation;

(d)     outside consultants or experts[1] retained for purposes of this litigation subject to further limitations as provided in Paragraph 5;

(e)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(f)     the Court and its personnel;

(g)     deponents or trial witnesses, if it appears that the person authored or received a copy of the Protected Material, is employed by the party who produced the information, document or thing, has had or is eligible to have had access to the Protected Material by virtue of their position with the designating party, has been designated by the designating party as a witness under Fed. R. Civ. P. 30(b)(6) for topics relating to the Protected Material, has seen the Protected Material in the ordinary course of business or has personal knowledge of it or its subject matter, or if the designating party consents to such disclosure; and

(h)     any other person the designating party consents to in writing.

5.      "DESIGNATED MATERIAL" may be provided to outside consultants or testifying or non-testifying experts only to the extent necessary for such expert to prepare a written

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

opinion, to prepare to testify, or to assist counsel in this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; and (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the Producing Party at least five (5) days before access to the DESIGNATED MATERIAL is to be given to that consultant, with a current curriculum vitae of the consultant or expert and a list of all other cases in or for which, during the previous four (4) years, the witness testified as an expert at trial or by deposition. The Producing Party may object to and notify the Receiving Party in writing that it objects to disclosure of DESIGNATED MATERIAL to the consultant or expert within five (5) days of reviewing the foregoing information. The parties agree to promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve any objection, the objecting Party may, within ten (10) days of providing such written notice of objection or within such other time as the Parties may agree, seek a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure of DESIGNATED MATERIAL to the consultant or expert shall occur until all such objections are resolved by agreement or Court order. An outside consultant or testifying or non-testifying expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

6.    A Party shall designate documents, information or materials as "CONFIDENTIAL" under this order only upon a good faith belief that the documents, information

or material are not generally known to others and which (1) contain information the Party would not normally reveal to third parties except in confidence or information of a third party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such information, or (2) contain information that the Party believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

7.      Documents, information or materials produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this order.

8.      To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation because it has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, such as information containing trade secrets or other proprietary financial, technical, or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business, the Producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

9.    For Protected Material designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in Paragraphs 4(a-b) and (d-h).

10.    For Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY -- SOURCE CODE," the Parties anticipate the need for higher levels of confidentiality of ultrasensitive DESIGNATED MATERIAL, including source code. Source code shall mean computer source code, object code (i.e., computer instructions and date definitions expressed in a form suitable for input to an assembler, compiler, or other translator), other machine language instructions, scripts, software application code, live data (that is, data as it exists residing in a database or databases), any text written in any high-level programming language defining firmware and/or software functionalities implemented on an integrated circuit, microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all notes, annotations, and other comments of any type related thereto and accompanying the code. For the avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse files, and debug files that are not otherwise publicly available (collectively, "Source Code Material"). The designation "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY–SOURCE CODE" shall be reserved for information a Party is permitted to produce in this action that constitutes or contains non-public, sensitive, confidential, proprietary and/or trade secret Source Code Material. Access to and disclosure of, such "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" material shall be limited to:

      (a)    Individuals listed in Paragraphs 4(a-b), (f), and (h), and up to three outside consultants or experts listed in Paragraph (d); and

      (b)    Any individuals who have authored or previously received the Source Code Material (i.e., during the course of their employment by the Producing Party), for the limited purpose of eliciting testimony regarding said Source Code Material during a deposition, Court hearing, or trial, provided that such persons may see the Source Code Material but not retain a copy.

The foregoing persons shall be referred to herein collectively as "Source Code qualified person(s)."

11.    It is understood and agreed that "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" materials shall only be reviewable by Source Code qualified persons after being expressly identified as seeking access to the Party producing Source Code Materials using the procedures in Paragraph 5. Source Code Material shall be provided with the following additional protections:

      (a)    Access to Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, a Wireless Network, the Internet, or a printer) at a domestic office of outside counsel of record for the Producing Party or at a place chosen by the Producing Party. The Receiving Party shall not use any outside electronic device to copy, record, photograph, or otherwise reproduce Source Code Material. The Receiving Party may take handwritten notes. Any handwritten notes must be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE.

(b)     The Producing Party may exercise personal supervision from outside the review room over the Receiving Party's representative(s) during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. To facilitate the supervision of the inspection, the Producing Party shall make a good faith effort to produce the stand alone computer in a room that permits personal supervision with the door to the inspection room closed (e.g., in a room that has glass windows and/or doors). Any supervision of the inspection, however, shall not entail review of any work generated by the Receiving Party, *e.g.*, monitoring the screens of the stand-alone computers, monitoring any surface reflecting any notes of the Receiving Party, or monitoring the keystrokes of the Receiving Party. Such supervision shall not be conducted in a manner that unreasonably prevents any communication among the Receiving Party's representatives. The Producing Party may not videotape the activities of the Receiving Party's representatives during any source code review;

(c)     The Producing Party's outside counsel shall make reasonable efforts to accommodate the Receiving Party's requests for review. The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time where the stand-alone computer is located; provided that the Receiving Party shall provide at least five (5) business days' notice prior to the request for access, unless the parties agree to a shorter period of

9

time. However, if a review of the Source Code Material is taking place and the Receiving Party requests the review continue to take place on the subsequent business day, the Producing Party agrees to make reasonable efforts to make the stand-alone computer available; and upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the standalone computer(s) outside of normal business hours. The receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Parties agree to cooperate in good faith such that the Producing Party shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(d)    The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s). At the request of the Receiving Party, the Producing Party shall install commercially available software tools sufficient for viewing and searching Source Code Material on the stand-alone computer containing Source Code Material. The Receiving Party should provide the Producing Party with the identification of the commercially available software tools it desires to use to view, search, and analyze the Source Code Material provided, however, that such software tools meet the requirements of this paragraph and appropriate

10

licensed copies of the software tools and installation materials must be provided by the Receiving Party, at the Receiving Party's cost, to the Producing Party. The Producing Party shall install the software tools on the stand-alone computer(s) by the requested date and time of inspection. To that end, the Receiving Party must identify and provide to the Producing Party such software tool(s) (along with appropriate licenses permitting their use) at least five (5) business days in advance of the installation, and consent to have such software tools shall not be unreasonably withheld;

(e)     The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(f)     Access to the standalone computer on which Source Code Material is produced shall be limited to the Producing Party, outside counsel of record and outside consultants or experts (i.e., not existing employees or affiliates of the Receiving party or an affiliate of the Receiving Party) retained for the purpose of this litigation and approved to access such Protected materials pursuant to the provisions described above. The Producing Party shall, on request, make a searchable electronic copy of the Source Code Material available on a stand-alone computer (within

11

the meaning of paragraph 11(a)) during depositions of witnesses who would otherwise be permitted access to such Source Code. The stand-alone computer shall include the same Source Code made available for inspection pursuant to paragraph 11(a) in the same format and organization as provided on the review computer(s). Any deposition requiring a stand-alone computer of Source Code Material shall ordinarily take place at the offices of outside counsel for the Producing Party, unless otherwise agreed by the parties;

(g)    The Receiving Party shall be entitled to request three (3) hard copy printouts of the specific lines, pages, or files of the Source Code Material that the Receiving Party believes in good faith are reasonably necessary to understand a relevant feature of an accused instrumentality. In the event that the Receiving Party requests printed source code from a designating party, and the designating party objects based on the volume of materials requested, the parties shall meet and confer in good faith as soon as possible, and no later than within seven (7) business days of the request, to resolve the objection. The Producing Party will provide the Receiving Party written notice of any such objection and a reasonable description of the basis for such objection within this seven (7) business day period. If the parties are unable to resolve such objection, the parties shall apply to the Court for relief in accordance with the Court's procedures. To request the hard copy print out contemplated in this Paragraph, the Receiving Party shall create PDFs of the printed copies

the Receiving Party is requesting using the software[2] available on the stand-alone computer, and save them in a folder on the desktop of the stand-alone computer named "Print Requests" with a subfolder identifying the date of the request. The PDF printouts must include identifying information, including the full file path and file name if available, page number, and/or line numbers such that the designating party may identify where the source code is located in the original production. The Receiving Party shall request printouts of only such portions of source code as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose;

(h)    The Receiving Party shall be permitted to make two (2) additional copies of printed Source Code Material, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" for use at a deposition. If source code is marked as an exhibit the Receiving Party shall be entitled to retain one physical copy of the source code exhibit. If a third-party's source code is marked as an exhibit, each Party shall be entitled to retain one physical copy of the source code exhibit. No third party shall be entitled to retain any physical copies of a Party's source code used as an exhibit. All physical copies of source code exhibits marked and retained under this paragraph of the Protective Order must be maintained in a secured locked area in the offices of outside counsel. For the avoidance of all doubt, the hard copy of a Party's source code marked as an exhibit

---

[2] The designating party shall ensure the software is sufficient to create the production contemplated in this paragraph.

during a deposition shall not be retained by the court reporter or by any third party. The Producing Party shall retain all other copies of the source code exhibit provided to the Receiving Party.

(i)   If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, such outside counsel, consultants, or experts shall keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or experts. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.,* a hotel prior to a Court proceeding or deposition);

(j)   The Receiving Party may make and use short electronic excerpts and images of the source code if necessary for court filings, expert reports, contentions, discovery responses, trial exhibits, demonstrative exhibits and other similar documents (including drafts thereof) required to be served or filed pursuant to the Court's rules, procedures, or orders. The Receiving Party must at all times password protect any such electronic

14

copies. All such documents shall be clearly marked "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE";

(k)     Except as provided in Paragraphs 11(h) and (j) above of this Protective Order, the Receiving Party shall not make any copies of Source Code Material without prior written consent of the Producing Party (*e.g.*, Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner—including by way of example only, the Receiving Party and any persons receiving source code from Receiving Party may not scan the source code to a PDF or photograph the code). The Receiving Party may electronically transmit the password protected documents referenced in Paragraphs 11(j) (including, but not limited to, claim charts, expert reports, interrogatories, responses to interrogatories, requests for admission, and responses to requests for admission and pleadings) to the experts, consultants, and outside counsel permitted to access Source Code Material under this Protective Order. Any such electronic transmission must be encrypted;

(l)     The Producing Party may not configure its Source Code Material or the standalone computer(s) in a manner that unreasonably impedes or slows the Receiving Party's ability to inspect the source code or allows the Producing Party to monitor the Receiving Party's inspection (e.g., key logging, video capture, etc.);

(m)    A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under Paragraph 10(a) above to another person authorized under Paragraph 10(a) above, on paper or removable electronic media via hand carry, Federal Express, or other similarly reliable courier. A Producing Party's Source Code Material may not be transported or transmitted electronically by the Receiving Party over a network of any kind, including a LAN, an intranet, or the Internet, except for the purposes of Court proceeding(s) as set forth in Paragraph 11(j) above; and

(n)    To the extent portions of Source Code Material are quoted, cited, or referenced in a document, either (1) that entire document will be stamped and treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE or (2) those pages containing quoted, cited, or referenced Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE.

12.    This order (as a part of this overall Protective Order) is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this order, if the Producing Party discloses information in connection with this case that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection (i.e, "Privileged Information"), the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work

product protection that the Producing Party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter.

(a)     A Producing Party must promptly notify the Receiving Party receiving the Privileged Information, in writing, that it has disclosed that Privileged Information without intending a waiver by the disclosure and provide a privilege log setting forth the basis for its claim of privilege. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection—promptly make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has and provide a certification that it has ceased further review, dissemination, and use of the Privileged Information and that the Privileged Information has been destroyed or returned.

(b)     If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must promptly notify the Producing Party of its claim in writing and move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion").  The Disclosure Motion must be filed under seal. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

13.     Subject to the Court's procedures regarding the sealing and redaction of hearing transcripts, Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof, including exhibits, as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - SOURCE CODE" absent contrary agreement by the Parties or Order of the Court.

14.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal in accordance with the Local Civil Rules of the United States District Court for the Northern District of Texas and the Court's CM/ECF Administrative Procedures.

15.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within a reasonable period of time, the requesting Party may move the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Civil Rules shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

16.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of

this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

17.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" that Party must:

  (a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

  (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

  (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose DESIGNATED MATERIAL may be affected. The Designating Party shall bear the burden and expense of seeking protection in the other litigation of its DESIGNATED MATERIAL – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

18.    To the extent any discovery is taken of persons who are not Parties to this Action ("Third Parties" or "Non-Parties") and in the event such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then

such Third Parties may agree to be bound by, and to receive the protections afforded a Party, under this Order, including by designating documents or other discovery materials "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - SOURCE CODE." Nothing in these provisions should be construed as prohibiting a Third Party or Non-Party from seeking additional protections.

19.     Within sixty (60) days after the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, each Party must return all materials designated by any other Producing Party under this Order to the Producing Party, or destroy such material, including all copies thereof, and provide to the Producing Party a written certification of compliance with this provision. Notwithstanding this provision, outside counsel for a party or non-party are entitled to retain archival copies of all pleadings, filings, or other similar documents served by or on any party, trial, deposition, and hearing transcripts, legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, and exhibits to any of these materials, even if such materials reflect materials designated under this Order. Notwithstanding this provision, no Party shall be required to return or destroy any materials designated under this Order that may exist on any disaster recovery backup system. Any such archival and/or backup copies of materials designated under this Order shall remain subject to the provisions of this Order.

20.     The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order

and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

21.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may seek such relief through the Court as may be appropriate in the circumstances. Pending resolution of the dispute by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

22.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

23.     Nothing in this Order shall preclude or impede any Party's outside counsel's ability to communicate with or advise his or her client based on his or her review and evaluation of DESIGNATED MATERIAL, provided that such communications or advice shall not disclose or reveal such DESIGNATED MATERIAL.

24.     Nothing in this order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

25.     By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

26.    Each of the Parties shall also retain the right to move the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

27.    The restrictions set forth in this Order shall not apply to information that is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, or which lawfully comes into the possession of or becomes known to the Receiving Party or lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not come into the possession of the Receiving Party or become publicly known by any act or omission which would be in violation of this Order, a similar Order with respect to another party, or any other duty of confidentiality.

**SO ORDERED** this **20th day** of **February, 2026**.


Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **Wolverine Barcode IP LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.  7:25-CV-00108-O** |
| | § | |
| **7-Eleven Inc** | § | |
| | § | |
| **Defendant.** | § | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

My current employer is _____.

My current occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any DESIGNATED MATERIAL that is disclosed to me.

4.    Promptly upon termination of this action, I will return all documents and things designated as DESIGNATED MATERIAL that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Date: _____