**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **WOLVERINE BARCODE IP, LLC,**<br>        **Plaintiff,** | **Civil Action No. 7:25-cv-00108-O** |
| **v.** | |
| **7-ELEVEN, INC.,**<br>        **Defendant** | **JURY TRIAL DEMANDED** |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STAY ALL
PROCEEDINGS PENDING THE FEDERAL CIRCUIT'S MANDATE**

**USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

Pursuant to Local Rule 7.2(f)(1), Plaintiff discloses that generative artificial intelligence was used in the preparation of this brief. Counsel has independently reviewed and verified the authorities and record citations contained herein and takes full responsibility for its contents. If the presiding judge so directs, Plaintiff will identify the specific parts prepared using generative artificial intelligence.

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................ 2

    A. The '689 patent and the claims asserted in this action ...................................... 2

    B. Judge Boyle's judgment holding the asserted claims ineligible ....................... 2

    C. The appeal .......................................................................................................... 3

    D. The posture of this case ..................................................................................... 3

III. LEGAL STANDARD ................................................................................................... 3

IV. ARGUMENT ................................................................................................................. 4

    A. The Federal Circuit's decision will resolve the threshold question in this case ............. 4

    B. Proceeding through claim construction now risks work that the mandate may render advisory ............................................................................................... 5

    C. The requested stay is definite in duration and moderate in scope ................... 5

    D. A stay works no damage to 7-Eleven; it relieves 7-Eleven of expense .......... 6

    E. The pendency of the Albertsons judgment on appeal counsels a stay rather than immediate adjudication of preclusion ............................................................. 7

V. CONCLUSION ............................................................................................................... 8

## TABLE OF AUTHORITIES

### Cases

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014).......................................................4

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971)....................................7

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) .......................................................................3, 4, 5, 6

*Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573 (Fed. Cir. 1994)..............................................7

*SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161 (Fed. Cir. 2018) ...............................................4

*Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir. 1983)..............................................5, 6

*Wolverine Barcode IP LLC v. Albertsons Cos., Inc.*, No. 3:25-cv-01448-B (N.D. Tex. July 9, 2026) ..........................................................................................................................................1, 2

### Statutes and Rules

28 U.S.C. § 1295(a)(1)....................................................................................................................3

35 U.S.C. § 101...............................................................................................................................1

35 U.S.C. § 284...............................................................................................................................6

Fed. R. App. P. 4(a)(1)(A) .............................................................................................................3

Fed. R. Civ. P. 12(b)(6)...................................................................................................................2

## I.  INTRODUCTION

On July 9, 2026, Judge Boyle held every claim of U.S. Patent No. 9,280,689 ineligible under 35 U.S.C. § 101, dismissed Wolverine's infringement action with prejudice, and entered final judgment. *Wolverine Barcode IP LLC v. Albertsons Cos., Inc.*, No. 3:25-cv-01448-B (N.D. Tex.). Wolverine has appealed. This action asserts the same patent and the same three claims against 7-Eleven. Whatever the Federal Circuit decides will decide the threshold question in this case.

That makes this an unusually clean candidate for a stay. The dispositive legal question is not merely similar to one pending on appeal, it is the identical question, arising from the identical claims and the identical specification, already briefed, decided, and docketed in the court of appeals. Eligibility under § 101 is assessed against the claims, not against the accused instrumentality, so the Federal Circuit's answer will not turn on anything peculiar to 7-Eleven's mobile application or its 7REWARDS program. The appeal will either end this case or supply the eligibility analysis that governs it.

Claim construction briefing here has been filed but not heard and not decided. This is the moment at which a stay costs the least and preserves the most. Every hour the Court and the parties now spend construing the '689 claims is an hour spent on claims a coordinate court has held void, under a legal framework the Federal Circuit may be about to revise. If the judgment is affirmed, that work is wasted. If it is reversed, the work was done without the guidance the mandate will furnish.

The relief requested is narrow and self-limiting: a stay that expires when the Federal Circuit's mandate issues, joint status reports every ninety days, and leave for either party to

1

move to lift the stay for good cause. That is a stay with a fixed terminus tied to a pending appeal, not the open-ended abeyance the Fifth Circuit has disapproved.

## II.  BACKGROUND

### A.  The '689 patent and the claims asserted in this action.

Wolverine owns U.S. Patent No. 9,280,689, titled "Method and Apparatus for Conducting Offline Commerce Transactions," which issued on March 8, 2016. Compl. ¶ 6. The patent contains three claims: independent claim 1, a method for conducting offline electronic commerce transactions using a "User ID Barcode," and dependent claims 2 and 3. Wolverine asserts all three against 7-Eleven. Compl. ¶ 8.

Wolverine filed this action in the Western District of Texas, Midland/Odessa Division, on May 1, 2025. No. 7:25-cv-00207. The case was transferred to this Court on October 21, 2025, ECF No. 33.

### B.  Judge Boyle's judgment holding the asserted claims ineligible.

Wolverine asserted the same three claims of the '689 patent against Albertsons Companies, Inc. in this District. Albertsons moved to dismiss under Rule 12(b)(6) on eligibility and pleading grounds. On July 9, 2026, the Court granted the motion. At *Alice* step one, the Court determined that the claims are directed to the abstract idea of setting up individual customer accounts and allowing those accounts to be used for purchases APPX0010. At step two, the Court found no inventive concept, either in the individual elements, barcodes, scanners, and servers, or in their ordered combination APPX0010, APPX0015-16. The Court also held that leave to amend would be futile, reasoning that no amendment can alter what a patent itself states.

2

App. APPX0019. Final judgment issued the same day, decreeing that Wolverine takes nothing. App. APPX0021.

### C. The appeal.

Wolverine filed its notice of appeal on July 27, 2026. App. APPX0022-23. The notice is timely under Federal Rule of Appellate Procedure 4(a)(1)(A), which allowed thirty days from entry of the July 9, 2026 judgment. The Federal Circuit has exclusive jurisdiction under 28 U.S.C. § 1295(a)(1).

### D. The posture of this case.

Claim construction briefing has been filed. ECF Nos. 48-52. The Court has not conducted a claim construction hearing and has not issued a construction of any term. The schedule entered by the court sets deadlines for dispositive and non-dispositive matters. ECF No. 42.

## III.  LEGAL STANDARD

The authority to stay proceedings is an incident of the power every court holds to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 253-255 (1936). That power extends to holding one suit to abide the outcome of another even where the parties are not identical and the issues are not the same. *Id.* Its exercise calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Id.*

The burden rests on the party seeking the stay. Where a stay may work damage to another party, the movant must make out a clear case of hardship or inequity in being required to go forward. *Id.* at 255. The stay must also be bounded: orders that are "immoderate" or of an

3

indefinite duration will be reversed. *Id.* at 256. A stay should be "so framed in its inception that its force will be spent within reasonable limits." *Id.* at 257. Within those limits, the district court's discretion is broad.

## IV.  ARGUMENT

### A.  The Federal Circuit's decision will resolve the threshold question in this case.

Patent eligibility is a question of law that the Federal Circuit reviews de novo, and Federal Circuit law governs it. *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018). The inquiry proceeds from the claims: the court asks what the claims are directed to and then whether the elements, individually and as an ordered combination, supply an inventive concept. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217–18 (2014). Nothing in that analysis depends on the identity of the defendant or the design of the accused product.

The consequence here is direct. The claims before this Court are the claims Judge Boyle held ineligible, the same three claims, in the same patent, supported by the same specification. If the Federal Circuit affirms, this action cannot proceed on those claims. If the Federal Circuit reverses or vacates, it will do so by supplying the *Alice* analysis that controls the '689 patent, and this Court will then possess appellate guidance on the precise question it would otherwise have to resolve in the first instance. There is no third path in which the mandate leaves this case untouched.

That is the situation *Landis* contemplates. A court may hold one action to abide another where the second will settle a rule of law defining rights in the first. 299 U.S. at 254-255. The identity of question, patent, claims, and patentee here is closer than *Landis* requires.

It is also worth noting what a stay avoids. Two judges of this District would otherwise be positioned to reach independent conclusions about the eligibility of the same three claims, on the

same intrinsic record, while the court of appeals is actively considering the question. Waiting for the mandate avoids that and produces a single answer.

### B. Proceeding through claim construction now risks work that the mandate may render advisory.

Claim construction is the most resource-intensive stage of a patent case short of trial. The briefing here is complete; what remains is the Court's work, review of the intrinsic record, a hearing if the Court holds one, and a written construction, followed by the discovery, expert work, and dispositive motions that constructions set in motion. All of that presupposes claims capable of being infringed.

On the other side, if the Federal Circuit reverses, this Court will have construed the claims without the benefit of the appellate reasoning that governs them, and the parties may find themselves relitigating positions taken before that reasoning existed. In neither branch does going forward now produce savings.

### C. The requested stay is definite in duration and moderate in scope.

The Fifth Circuit's concern in this area is duration, not stays as such. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). The requirement drawn from *Landis* is that a stay be framed so that its force is spent within reasonable, foreseeable limits. 299 U.S. at 257.

The stay Wolverine requests satisfies that requirement on its face. It terminates on a discrete, publicly docketed event: issuance of the Federal Circuit's mandate. The appeal is taken, the record is closed, and the briefing schedule will be set by the court of appeals rather than by the parties' convenience. Wolverine has no ability to extend the stay by delay, because the endpoint is fixed by another tribunal.

5

Wolverine also offers three conditions that keep the stay within bounds of moderation. First, joint status reports every ninety days, and a further report within fourteen days after the mandate issues. Second, express leave for either party to move to lift the stay for good cause, including if the appeal is dismissed, held in abeyance, or otherwise ceases to promise a timely answer. Third, Wolverine will move in the Federal Circuit to expedite the appeal if the Court wishes, and will report the outcome of that request. A stay subject to those conditions is neither immoderate nor indefinite.

**D.  A stay works no damage to 7-Eleven; it relieves 7-Eleven of expense.**

The heavy burden *Wedgeworth* describes attaches where a stay threatens damage to the party opposing it. 706 F.2d at 545. That premise is inverted here, and the inversion matters to the balance the Court must strike.

7-Eleven is a defendant seeking no affirmative relief from Wolverine. During a stay it will construe no claims, produce no documents, prepare no experts, and file no summary judgment briefing. Whatever position it takes on this motion, the practical effect of a stay on 7-Eleven is a reduction in cost and burden, not an imposition of either.

The *Landis* concern about compelling a litigant to stand aside while another settles the governing rule is likewise absent. 299 U.S. at 255. Wolverine is not a stranger to the appeal; it is the appellant. The party asking to wait is the same party whose rights the appeal will determine, and it asks to wait on its own claim.

Wolverine seeks monetary relief. Delay does not erode that remedy: prejudgment interest is available under 35 U.S.C. § 284, and Wolverine does not practice the '689 patent or compete with 7-Eleven, so no market position shifts during the stay. To the extent 7-Eleven identifies

6

evidentiary concerns arising from the passage of time, Wolverine will agree to reasonable preservation measures as a condition of the stay.

**E.  The pendency of the Albertsons judgment on appeal counsels a stay rather than immediate adjudication of preclusion.**

Wolverine anticipates that 7-Eleven will argue the Albertsons judgment is entitled to preclusive effect notwithstanding the appeal, and that the proper disposition is dismissal rather than a stay. Wolverine does not concede that issue preclusion applies, and it reserves its arguments. But the authorities 7-Eleven would invoke do not require this Court to decide the question now, and they supply an affirmative reason not to.

Under *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971), a holding of invalidity may be asserted by a later-sued defendant, but the doctrine is permissive rather than automatic; the patentee may show that it lacked a full and fair opportunity to litigate, and the trial court retains discretion over the doctrine's application. *Id.* at 333–34. That inquiry is better conducted against a settled judgment than a provisional one.

More to the point, the Federal Circuit has held that a collateral estoppel defense founded on an invalidity judgment in another action may be raised at any stage of the affected proceedings, including for the first time on appeal. *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1578–80 (Fed. Cir. 1994). 7-Eleven accordingly forfeits nothing by waiting. Its estoppel argument will be no weaker after the mandate issues, and it will then rest on a judgment final in every sense rather than one under active review.

The asymmetry runs entirely one way. If this action is dismissed on the strength of the Albertsons judgment and that judgment is later reversed or vacated, the dismissal will have been erroneous, and the parties and the Court will repeat work already done, including the claim

construction briefing now on file. A stay forecloses that risk without imposing a corresponding one. Where a court can preserve every party's position by waiting a defined period for controlling appellate guidance, waiting is the sound exercise of discretion.

The practice Wolverine asks for is unremarkable. Courts routinely hold parallel patent litigation in abeyance while the court of appeals resolves the validity of the asserted claims. This case presents the ordinary version of that situation, with an unusually tight identity between the question on appeal and the question here.

## V.  CONCLUSION

The Federal Circuit is considering whether the claims asserted in this action are eligible for patenting. Its answer will govern. Wolverine respectfully asks the Court to stay all proceedings until the mandate issues, to direct joint status reports every ninety days and within fourteen days after the mandate, and to permit either party to move to lift the stay for good cause.

Respectfully submitted,

RAMEY LLP

/s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
446 Heights Blvd., Suite 200
Houston, Texas 77007
(713) 426-3923 (telephone)

**Attorneys for Plaintiff**
**Wolverine Barcode IP LLC**

## CERTIFICATE OF CONFERENCE

I certify that on July 22, 2026, I conferred with counsel for defendant by e-mail and defendant is opposed.

/s/ William P. Ramey, III
William P. Ramey, III

## CERTIFICATE OF SERVICE

I certify that on July 27, 2026, the foregoing document was served on all counsel of record via the Court's CM/ECF system in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule 5.1(e).

/s/ William P. Ramey, III
William P. Ramey, III

9